UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. HALL, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18 CV 104 SNLJ |
| | ) | |
| UNUM LIFE INS. CO. OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiff brings breach of contract and vexatious refusal to pay claims against his Disability Income insurance policy provider, defendant Unum Life Insurance Company of America. Defendant removed this matter from state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff has moved to remand (#22).

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants…." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010). No party contests that complete diversity exists. Rather, the parties disagree regarding the amount in controversy.

The plaintiff was employed as a surgeon. On May 13, 1993, he took out a Disability Income policy with defendant. The policy contains a Lifetime Sickness Benefit Rider which states

1

> BENEFITS
> Beginning on the later of the policy anniversary when your age is 65 or the end of the Maximum Benefit Period, the Total Disability Benefit is amended to read as follows:
>
> We will pay the Maximum Disability Benefit in any month after you have satisfied the Elimination Period that:
> 1. You are totally disabled; and
> 2. That total disability:
>    a. Is the result of sickness which began before the policy anniversary when your age was 60 and while this rider was in effect; and
>    b. Began before the policy anniversary when your age was 60 and has been continuous until the month for which this benefit is payable.

Plaintiff alleges that in June 2012, before he turned 60 years old, he became disabled as a result of systemic contact dermatitis and systemic inflammatory response syndrome. He contacted defendant in November 2012, before turning 60, and advised defendant that his sickness and disability began on June 1, 2012. Plaintiff alleges that, pursuant to the Lifetime Sickness Benefit Rider, his benefit in the event of total disability should have applied beginning on the policy anniversary when plaintiff's age was 65. Plaintiff claims defendant owes him payments of $9,124 per month for his lifetime, beginning December 2017. Plaintiff filed his lawsuit on March 26, 2018.

Plaintiff filed the motion to remand because, he insists, the amount in controversy does not exceed $75,000. Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *see also In re Minnesota Mut. Life Ins.*

*Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "To meet this burden, the defendant must present some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, No. 4:14-cv-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotation marks omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"In Missouri, when seeking damages based upon a breach of a disability insurance policy, the plaintiff can recover, at most, the unpaid installments claimed to have accrued to the date of suit." *Umbenhower v. Mut. of Omaha Ins. Co.*, 298 F. Supp. 927, 928 (W.D. Mo. 1969) (internal quotations omitted). Even if this Court were to find plaintiff entitled to disability payments under the contract, such a determination

> would not preclude [defendant] from finding, at some future time, that [plaintiff] is no longer disabled and is therefore no longer entitled to benefits. For this reason, most courts confronting this issue—including the Eighth Circuit, in a long-ago case—have held that courts should not consider possible future disability benefits when determining the amount in controversy.

*Garvey v. Prudential Ins. Co. of Am.*, No. 08-cv-147 PJS, 2008 WL 1805603, *2 (D. Minn. Apr. 18, 2008) (citing *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir.1938)). *Wright & Miller* describes this as the "prevailing view" and reiterates that "only the amount of the installments unpaid at the commencement of the suit may be taken into account, even though the judgment will be determinative of the company's

liability for future installments." 14AA Wright & Miller, *Fed. Prac. & Proc.* § 3710 (4th ed.) (collecting cases).

Plaintiff acknowledges that, in disability insurance cases, "where the <u>validity</u> of [a disability] insurance policy…is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996) (quoting Joseph E. Edwards, Annotation, *Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance*, 11 A.L.R. Fed. 120, 128 (1972) (collecting cases)), *cited by Stanley v. Lafayette Life Ins. Co*, No. 3:13cv5137MDH, 2015 WL 2062568, *3 (W.D. Mo. May 4, 2015). Plaintiff states that the "validity" of the policy is not at issue here, so only the amount owed to plaintiff between December 2017 and May 2018—approximately $36,000—may be considered. Even adding damages for vexatious refusal to pay, attorneys' fees, and costs to that amount, plaintiff says, does not approach the $75,000 jurisdictional threshold.

Relying on *Massachusetts Casualty*, 88 F.3d at 416–17, defendant argues that because the validity of the insurance contract <u>is</u> at issue, the Court may consider the future payments as part of the amount of in controversy. Defendant's position is that plaintiff was not totally disabled prior to reaching age 60, and the policy terminated, thus plaintiff is owned no future benefits of the policy regardless of his future disability status. The Court disagrees that the validity of the contract is at issue. Defendant appears to

conflate the contract's termination (which occurred under its own terms in December 2017) with the question of the contract's validity. No one disputes that the parties had a valid contract.

Defendant also cites several cases that do allow consideration of future disability insurance payments when calculating the amount in controversy, without mentioning the "validity of the contract" exception. In *Engle v. Life Insurance Company of North America*, for instance, this Court noted that "Federal courts have held that the jurisdictional minimum can be met even though the outstanding claim is for less than the jurisdictional amount, where there are potential future claims under a policy." No. 4:10cv963CAS, 2010 WL 2720697, *2 (E.D. Mo. July 8, 2010); *see also Buckmaster v. Life Ins. Co. of N. Am.*, 4:17-CV-02439-NCC, 2018 WL 1519375, at *2 (E.D. Mo. Mar. 28, 2018). The *Engle* court denied a motion to remand under circumstances similar to those here, relying on *Burns*, an Eighth Circuit case that addressed a life insurance policy. *See Burns v. Massachusetts Mut. Life. Ins. Co.*, 820 F.2d 246, 249 (8th Cir. 1987). In *Burns,* the Eighth Circuit instructed that "[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." *Id.* Notably, the *Burns* matter involved the promise of future dividends, not lifetime disability payments. The difference is that future dividends must be paid under all circumstances, but, under a disability contract, the amount of benefits are contingent because is it uncertain how long he will be disabled or how long he will live. The Court is satisfied that, when a defendant's obligations under a disability insurance contract (and

not the contract's validity) are at issue, the "amount in controversy" for jurisdictional purposes includes only the amounts allegedly due up to the time the suit was filed.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#22) is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court for Butler County, Missouri.

Dated this  1st  day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE